# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 9-187 |
| v. | ) | |

ROBERT ALLEN SMITH

## MEMORANDUM ORDER

Before the Court is Defendant's Motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. Defendant contends that he was sentenced under USSG § 2D1.1, and thus is entitled to a reduction. In particular, Defendant argues that his sentence was based on a non-career offender guideline range in Section 2D1.1. The Government, however, contends that Defendant was sentenced under USSG § 4B1.1, and is not so entitled.

In 2010, I sentenced Defendant to a term of imprisonment of 188 months, outside of the advisory guideline range. In so doing, I found that the criminal history category of VI, occasioned by his career offender status under Section 4B1.1, overstated the seriousness of Defendant's criminal history. Accordingly, a downward departure to category V was warranted. In turn, Defendant's guideline range was 235 to 293 months, and the adjusted offense level, taking into account acceptance of responsibility and career offender status, was 34. At sentencing, there was only a departure from category, and not offense level. I then sentenced him outside the advisory guideline system, pursuant to factors enunciated in 18 U.S.C. § 3553. There is no suggestion that the career offender enhancement was found inapplicable.

The parties agree that a sentence pursuant to Section 4B1.1 is unaffected by Section 3582, as a reduction under that Section requires a sentence "based on" a subsequently lowered sentencing range. 18 U.S.C. § 3582(c)(2). Section 1B1.10(a)(2) provides as follows: "A

reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range." "[T]he phrase 'applicable guideline range' in § 1B1.10 [refers to] 'the guideline range that corresponds to the offense level and criminal history category determined . . . before consideration of any departure provision in the Guidelines Manual or any variance.'" United States v. Thompson, 2016 U.S. App. LEXIS 10275, at *8 (3d Cir. June 7, 2016) (citations omitted).

Although this Court imposed a sentence outside of the advisory guidelines system, Defendant's predicate offense established him as a career offender, and this provided the applicable guideline range prior to the consideration of any departure or variance. Whether the sentence actually imposed corresponded with the applicable Section 2D1.1 guideline range does not alter this conclusion. Accordingly, Defendant's sentence was "based on" Section 4B1.1, rather than Section 2D1.1. See, e.g., United States v. West, 2016 U.S. Dist. LEXIS 16686 (D. Md. Feb. 11, 2016) (collecting cases). He is ineligible for a reduction pursuant to Section 3582, and his Motion is denied.

AND NOW, this 24th day of June, 2016, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court