IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 09-187 |
| | ) |
| ROBERT ALLEN SMITH | ) |

**Memorandum Opinion and Order**

Robert Allen Smith, proceeding pro se, has filed a Motion for Early Termination of Supervised Release, wherein he requests early termination of his five-year term of supervised release. ECF No. 211. The government has filed a Response opposing the motion. ECF No. 214. Mr. Smith filed a Reply to the government's Response in which he also requests the alterative relief of permission for unlimited travel. ECF No. 217. For the reasons explained below the Motion for Early Termination of Supervised Release will be denied, and the alternative Motion for unlimited travel will be denied in part and granted in part.

**I.       Background**

Mr. Smith was indicted, along with two co-defendants, on one count of Conspiracy to Distribute five or more kilograms of Cocaine, in violation of 21 U.S.C. § 846. ECF No. 13. On December 21, 2009, he pleaded guilty to the conspiracy charge pursuant to a plea agreement. ECF No. 52. The Presentence Report indicated that Mr. Smith's calculated Guideline Range called for imprisonment of 262 to 327 months. At the sentencing hearing, the Honorable Donetta J. Ambrose departed from the calculated Guideline range by reducing Mr. Smith's criminal history category by one-level, from category VI to category V. This departure resulted in an advisory Guideline Range of imprisonment of 235 to 294 months.

In imposing sentence, Judge Ambrose varied from the low end of the new guideline range, to impose a sentence of 188 months' imprisonment to be followed by five years of supervised release. The Court granted the variance, in part, because of Mr. Smith's extraordinarily difficult childhood, his marketable skills, and because each co-defendant was sentenced to the minimum statutory term of imprisonment of 120 months.

Mr. Smith did not serve his full term of imprisonment because his June 6, 2020 Motion for Compassionate Release was granted. Mem. Order, July 20, 2020, ECF No. 204. After having served 162 months of his 188-month sentence, Mr. Smith was released, with the Court specifically stating that the "term of supervised release remains intact." *Id.* at 10. Mr. Smith's term of supervision began when he was released from his term of imprisonment on July 28, 2020.

## II. Applicable Law

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted). In making this determination the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific

---

[1] The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect

findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.[2]

### III.  Mr. Smith's Argument

Mr. Smith argues that early termination of his supervised release is warranted because he has successfully served over half of his five-year term of supervision with no violations and he is compliant with the terms and conditions of supervision.  He states that he plays a vital role in his community by participating in toy drives for disadvantaged and ill children and in gift exchanges for abused women.  Moreover, he has become a successful business owner, managing a trucking company he developed on his own.  He has three employees in Las Vegas, Nevada and Savannah, Georgia.

Mr. Smith also states that he wants to grow his trucking business by incorporating a truck driving school aimed at assisting convicted individuals both while in prison and upon

---

the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

[2] To be clear, the Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early.  *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

release.  Specifically, Mr. Smith would like to assist incarcerated individuals by providing help for such individuals to pass Nevada's commercial truck driver's test and to assist released offenders in obtaining a commercial driver's license.  He primarily seeks early termination of his supervision because he claims it limits his ability to grow his business.  In his Reply, Mr. Smith explains that the location conditions of supervision limit his ability to run and expand his truck driving business by prohibiting him from traveling, without permission, anywhere but Nevada and California.  He submits that he has requested permission to travel to Colorado for work, but the request was denied.  He is also prohibited from traveling to Savanah, Georgia for work.  His Probation Officer told Mr. Smith if he wants to travel to non-approved states for work, he should petition the court for early termination of supervised release or for permission to engage in unlimited travel.

### IV.    Discussion

The Court acknowledges that Mr. Smith has successfully integrated himself back into the community by creating and maintaining his own truck driving business.  He has also undertaken activities to give back to the community.  His desire to help released offenders build a career in commercial truck driving is laudable.  In addition, Mr. Smith has had no violations while on supervision.  When viewed in light of Mr. Wright's past criminal history and the time he has spent under some form of court supervision prior to the instant case, Mr. Smith's present compliance with the terms and conditions of his supervision is a significant improvement.  The Court expects that all defendants on supervised release will successfully comply with the conditions of supervision.  Thus, compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases.

Mr. Smith's present offense and his past criminal history weigh against termination of supervised release. Mr. Smith was convicted of a serious and dangerous drug trafficking crime, and he did not act alone as he was part of a conspiracy to distribute drugs. There are conditions of Mr. Smith's supervision that directly impact the safety of the community that in the opinion of the Court should be left in place for the full term of supervision. For the protection of the community and to ensure the continued compliance of Mr. Smith, supervised release shall not be terminated.

While supervision appears to be working properly in this case, the Court cannot ignore that Mr. Smith's initiative to succeed is driven by Mr. Smith himself, rather than the conditions of his supervision. Based on Mr. Smith's representations and the exhibits attached to his Reply, it is clear that Mr. Smith is losing job opportunities because he cannot travel to certain locations. It is also clear that the Probation Office is limited in its ability to provide unlimited travel approval for Mr. Smith, which has resulted in the Probation Officer suggesting to Mr. Smith that he seek relief from the Court. The Court will act on the Probation Officer's deference to the Court on this matter and grant Mr. Smith's alternative request insofar as the Court will adjust his location and travel restriction with respect to work. Specifically, Standard Condition No. 2 of supervision, providing that Mr. Smith "shall not leave the judicial district without the permission of the court or the probation officer," will be adjusted to permit Mr. Smith the opportunity to obtain work and expand his business in locations outside his judicial district. ECF No. 100, at 4. Accordingly, Standard Condition No. 2 will be amended as follows:

    2. Except for employment and employment related activities, the defendant shall not leave the judicial district without the permission of the court or the probation officer.  The defendant is permitted to travel outside the judicial district for employment, and for activities related to his truck driving business and truck driving school, upon providing satisfactory notice of his employment-related travel plans to the probation officer; that is, where he is going, when he will return, and the employment-related purpose of the trip.

All other conditions of supervision will remain the same.

    **V.**    **Conclusion**

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), the Court finds that it is not in the interest of justice to terminate Mr. Smith's supervised release at this time.  In the alternative, the Court will amend Mr. Smith's travel and location condition to permit him to travel outside the judicial district for employment,  The Court finds that such amendment is warranted by Mr. Smith's conduct and is in the interest of justice.

Accordingly, the following Order is hereby entered.

## **ORDER**

AND NOW, this 14th day of June 2023, it is hereby ORDERED that Robert Allen Smith's Motion for Early Termination of Supervised Release, ECF No. 211, is DENIED.

IT IS FURTHER ORDERED that Robert Allen Smith's alternative motion for a grant of unlimited travel is DENIED as to the request for "unlimited travel." The Motion is granted as to the request that Mr. Smith's travel restrictions be amended.

IT IS HEREBY ORDERED that Standard Condition No. 2 of Mr. Smith's Terms and Conditions of Supervised Release is hereby AMENDED as follows:

> 2. Except for employment and employment related activities, the defendant shall not leave the judicial district without the permission of the court or the probation officer. The defendant is permitted to travel outside the judicial district for employment, and for activities related to his truck driving business and truck driving school, upon providing satisfactory notice of his employment-related travel plans to the probation officer; that is, where he is going, when he will return, and the employment-related purpose of the trip.

IT IS FURTHER ORDERED that the Probation Office and Probation Officer overseeing Mr. Smith's supervised release shall, as soon as practicable, explain the amended condition to Mr. Smith and obtain his signature indicating he understands the condition.

                                                __s/*Marilyn J. Horan*_____
                                                Marilyn J. Horan
                                                United States District Court Judge

cc:      Robert Allen Smith
           1509 E. Harmon Ave. No. 203
           Las Vegas, NV 89119